IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APRIL ROSENBERGER, on behalf of herself and others similarly situated,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>SUPPORTS COORDINATION GROUP LLC, d/b/a PA HEALTH MANAGEMENT,<br>　　　　　　　Defendant. | CIVIL ACTION<br><br>FILED ELECTRONICALLY ON SEPTEMBER 20, 2024<br><br>CLASS/COLLECTIVE ACTION |

## COMPLAINT – CLASS/COLLECTIVE ACTION

April Rosenberger ("Plaintiff") brings this lawsuit against Supports Coordination Group LLC d/b/a PA Health Management ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq*. Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while her PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in the same lawsuit).

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff resides in Kittanning, PA (Armstrong County).

5. Defendant is a corporate entity with a principal place of business in Lancaster, PA

(Lancaster County).

6. Plaintiff is an employee covered by the FLSA and PMWA.

7. Defendant is an employer covered by the FLSA and PMWA.

## FACTS

8. Through contracts with the Pennsylvania Department of Human Services, Defendant provides "Service and Supports Coordination for eligible individuals throughout the entire state of Pennsylvania."[1]  This includes working to "deliver Managed Long-Term Services and Supports." *Id.*

9. In order to complete the work described in paragraph 8, Defendant employs individuals in the position of CHC Service Coordinator.  CHC Service Coordinators primarily are tasked with assisting Defendant's "participants" in gaining access to needed long-term services and supports.  Providing such assistance is directly related to Defendant's "deliver[y] of Managed Long-Term Services and Supports" to consumers, and has no meaningful relationship to the management or general business operations of Defendant or its customers.

10. The CHC Service Coordinator position does not require academic training in a field of specialized intellectual instruction.  For example, Plaintiff did not hold a Masters Degree and, at college, majored in Criminology.

11. CHC Service Coordinators are paid salaries.

12. CHC Service Coordinators regularly work over 40 hours per week.

13. CHC Service Coordinators do not receive any overtime premium compensation for hours worked over 40 per week.

14. Plaintiff was employed by Defendant as a CHC Service Coordinator from

---

[1]   https://pahm.org/ltss/ (last visited September 13, 2024).

approximately May 2020 to September 2023 and, like other CHC Service Coordinators, was paid an annual salary.

15. Plaintiff, like other CHC Service Coordinators, regularly worked over 40 hours per week. Specifically, Plaintiff worked approximately 50 hours in a typical week.

16. Plaintiff, like other CHC Service Coordinators, did not receive any overtime wages for hours worked over 40 per week.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff brings her FLSA claim as a collective action pursuant to 29 U.S.C. §216(b) and brings her PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23. She sues on behalf of all individuals employed by Defendant as CHC Service Coordinators during any week within the past three years.[2]

18. Plaintiff's FLSA claim should proceed as a collective action because she and other putative collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

19. Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

20. The class, upon information and belief, includes over 50 individuals, all of whom

---

[2] The PMWA carries a mandatory three-year limitations period. *See Cerutti v. Frito Lay, Inc.*, 777 F. Supp. 2d 920, 925 n. 4 (W.D. Pa. 2011). The FLSA, meanwhile, carries a two-year limitations period that can be extended to three-years in the event of a "willful" FLSA violation. *See* 29 U.S.C. § 216(b). The ultimate determination of whether Defendant "willfully" violated the FLSA must await discovery. *See Jones v. Giant Eagle, Inc.*, 2019 WL 5073661, 2019 U.S. Dist. LEXIS 142135, *14-15 (W.D. Pa. Aug 20, 2019); *Rapczynski v. DIRECTV, LLC*, 2016 WL 1071022, 2016 U.S. Dist. LEXIS 34833, *19-21 (M.D. Pa. Mar. 17, 2016); *see, e.g., Souryavong v. Lackawanna County*, 872 F.3d 12, 126-27 (3d Cir. 2017) (finding lack of willfulness based on post-discovery summary judgment record).

are readily ascertainable based on Defendant's payroll records and are so numerous that joinder of all class members is impracticable.

21. Plaintiff is a class member, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

22. Plaintiff and her lawyers will fairly and adequately represent the class members and their interests.

23. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendants' common compensation policies, as described herein.  The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

24. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
### (Alleging FLSA Violations)

25. All previous paragraphs are incorporated as though fully set forth herein.

26. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

27. Defendant violated the FLSA by failing to pay Plaintiff and the FLSA collective overtime wages for all hours worked over 40 per week.

28. In violating the FLSA, Defendant acted willfully and with reckless disregard of

clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COUNT II
### (Alleging PMWA Violations)

29. All previous paragraphs are incorporated as though fully set forth herein.

30. The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. *See* 43 P.S. § 333.104(c).

31. Defendant violated the PMWA by failing to pay Plaintiff and the Rule 23 class overtime wages for all hours worked over 40 per week.

## PRAYER FOR RELIEF

Plaintiff, on behalf of herself and other members of the class/collective, seeks the following relief:

A. Unpaid overtime wages and prejudgment interest;

B. Liquidated damages to the fullest extent permitted under the FLSA;

C. Litigation costs, expenses, and attorneys' fees; and

D. Such other and further relief as the Court deems just and proper.

Date:  September 20, 2024                             Respectfully,

                                         /s/ Deirdre Aaron
                                         Deirdre Aaron
                                         Peter Winebrake
                                         Michelle Tolodziecki
                                         Winebrake & Santillo, LLC
                                         715 Twining Road, Suite 211
                                         Dresher, PA 19025
                                         (215) 884-2491

                                         *Plaintiff's Counsel*